**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AVROHOM LEVITT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>*vs*.<br><br>ALLTRAN EDUCATION, INC., an Illinois Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 10,<br><br>Defendants. | CASE NO.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## I. PRELIMINARY STATEMENT

1. Plaintiff, AVROHOM LEVITT, on behalf of himself and all others similarly situated, brings this action for the illegal practices of Defendants, ALLTRAN EDUCATION, INC., ("ALLTRAN") and JOHN AND JANE DOES NUMBERS 1 THROUGH 10 (collectively, "Defendants") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff and other similarly situated consumers.

2. Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

3. Such collection practices include, *inter alia*, sending consumers written communications in an attempt to collect debts, which falsely state the consumers' alleged defaulted and charged-off debts are continuing to accrue daily interest, late charges, and other charges.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The U.S. Congress, finding evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 15 U.S.C. §1692e(2)(B); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. The FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable

means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8).

8.　　The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, actual damages, punitive damages, declaratory relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

9.　　AVROHOM LEVITT is a natural person.

10.　　At all times relevant to this lawsuit, AVROHOM LEVITT is a citizen of, and resides in, Flushing, Queens County, New York.

11.　　At all times relevant to this complaint, ALLTRAN is a corporation existing pursuant to the laws of the State of Illinois.

12.　　ALLTRAN maintains its principal business address at, 840 South Frontage Road, Woodridge, Illinois 60517-4900.

13.　　Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 10, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

14.　　Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 10, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw the violative policies and procedures used by the employees of ALLTRAN that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and

practices utilized by ALLTRAN and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## III. JURISDICTION & VENUE

15. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

16. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV. FACTS CONCERNING PLAINTIFF

17. Plaintiff allegedly incurred a financial obligation to Yeshiva University for a personal student loan ("Debt").

18. The Debt arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

19. ALLTRAN contends the Debt is in default and the amount due had been accelerated in full by the creditor.

20. The alleged Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

21. AVROHOM LEVITT is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

22. Sometime prior to October 9, 2017 the creditor of the Debt either directly or through intermediate transactions, assigned, placed, the transferred, the debt to ALLTRAN for collection.

23. ALLTRAN collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. mail, telephone, and Internet.

24. ALLTRAN is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. On or about October 9, 2017, ALLTRAN mailed a collection letter to Plaintiff concerning the Debt. ("10/9/2017 Letter"). A true and correct copy of the 10/9/2017 Letter is attached hereto as ***Exhibit A***, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers and Plaintiff's home address in an effort to protect Plaintiff's privacy.

26. The 10/9/2017 Letter was mailed, or caused to be mailed, by persons employed by ALLTRAN as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27. The 10/9/2017 Letter was mailed to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The 10/9/2017 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. The 10/9/2017 Letter was the initial written communication ALLTRAN sent Plaintiff.

30. Page One of the 10/9/2017 Letter falsely states that, "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

31. Plaintiff is informed and believes, and on that basis alleges, that there are no "late charges and other charges that may vary from day to day" regarding the Debt.

32. Neither ALLTRAN nor the creditor of the Debt may legally or contractually impose late charges on Plaintiff's Debt.

33. The creditor of the Debt does not, did not, and never will, add late charges to the debt ALLTRAN sought to collect.

34. ALLTRAN does not, did not, and never will, add late charges to Plaintiff's Debt.

35. Neither ALLTRAN nor the creditor of Plaintiff's Debt may legally or contractually impose other charges on the Debt.

36. The creditor of the Debt does not, did not, and never will, add other charges to the debt ALLTRAN sought to collect from Plaintiff.

37. ALLTRAN does not, did not, and never will, add other charges to the Debt.

38. On information and belief, there is no legal or contractual basis for the "Collection Cost" of $4,008.15 set forth on ***Exhibit A*** which ALLTRAN sought to collect.

39. On information and belief, there is no legal or contractual basis for the "Fees & Other Non-Collection Charges" of $20.00 set forth on ***Exhibit A*** which ALLTRAN sought to collect.

40. The disclaimer on ***Exhibit A*** is materially false, deceptive, and misleading in that, *inter alia*, it falsely suggests to unsophisticated consumers that the amount of their debts will increase due to an undisclosed amount of "late charges and other charges" that "vary from day to day."

41. The disclaimer on ***Exhibit A*** is materially false, deceptive, and misleading in that, *inter alia*, it states the consumer will owe an additional undisclosed sum of money after payment is tendered to ALLTRAN.

42. The 10/9/2017 Letter deprived Plaintiff of truthful, non-misleading, information in connection with ALLTRAN's attempt to collect a debt.

## V. POLICIES AND PRACTICES COMPLAINED OF

43. It is Defendants' policy and practice to engage in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692g(a)(1), by sending consumers letters, such as ***Exhibit A***, that falsely state the consumers' debts will continue to accrue interest, late charges and other charges.

44. On information and belief Defendants' collection letters, in the form attached as ***Exhibit A***, were mailed to at least 50 natural persons in the State of New York.

## VI. CLASS ALLEGATIONS

45. Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

46. This claim is brought on behalf of a Class of all persons to whom ALLTRAN mailed a written communication in the form of ***Exhibit A***, using an address in the State of New York, during the period of March 11, 2017 through April 1, 2018, which sought to collect a defaulted student loan whose balance had been accelerated, and which stated "Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater."

47. The identities of all class members are readily ascertainable from the records of ALLTRAN and those entities on whose behalf it attempts to collect debts.

48. The Class claims include all claims the Class members may have for a violation of the FDCPA based on a letter from ALLTRAN substantially in the same form as ***Exhibit A***.

49. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issues whether the Defendants' written communications to consumers, in the form attached as ***Exhibit A***, violates 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692g(a)(1).

50. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

51. The Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

52. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Class defined above are so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' written communications to consumers, in the form attached as ***Exhibit A***, violates 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692g(a)(1).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter.

Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

53.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

54.     Based on discovery and further investigation (including, but not limited to, ALLTRAN's disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the 10/9/2017 Letter mailed to Plaintiff.

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

55.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

56.     The ALLTRAN violated the FDCPA. ALLTRAN's violations with respect to its written communications in the form attached as ***Exhibit A*** include, but are not limited to, the following:

(a)     Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b)     Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

(c)     Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B);

(d)     Making false threats to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§ 1692e and 1692e(5);

(e)     Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

(f)     Failing to provide the amount of the debt in violation of 15 U.S.C. §§

1692e, 1692e(2)(A), and 1692g(a)(1).

## VIII. PRAYER FOR RELIEF

57. WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor and in favor of the Class as follows:

A. **For the FIRST CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure including, but not limited to, defining the Class, the class claims, appointing Plaintiffs as the class representatives, and the undersigned counsel to represent the Class;

(ii) An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) An incentive award for Plaintiff for his services on behalf of the Class;

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED: Uniondale, New York
March 12, 2018

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile: (888) 522-1692
E-Mail: akleinman@kleinmanllc.com

*Attorney for Plaintiff, Avrohom Levitt, and all
others similarly situated*

# EXHIBIT A

Dept 19104
PO Box 1259
Oaks PA 19456

**Alltran**

**Alltran Education, Inc.**
840 S. Frontage Road, Woodridge, IL 60517
Office: (800) 377-1904 Fax: (630) 225-4261

Alltran Education Acct #: [redacted]

Oct 9, 2017

126281 - 32

AVROHOM LEVITT
[redacted]
[redacted]

003640

Alltran Education, Inc.
PO Box 5008
Woodridge, IL 60517-0008

Please fold on this line to ensure that the remit address shows through the window envelope

Dear Avrohom Levitt,

IF YOU RESIDE IN NEW YORK: If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

a) The use or threat of violence;
b) The use of obscene or profane language; and
c) Repeated phone calls made with the intent to annoy, abuse, or harass.

IF YOU RESIDE IN NEW YORK CITY: New York City Department of Consumer Affairs. License Number 1435003. Contact Alltran Education, Inc. by phone at 800-211-0432. Office Hours: Mon-Thu 9:00am to 10:00pm, Fri 9:00am to 6:00pm, Sat 9:00am to 1:00pm Eastern Time.

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

As of the date of this letter, you owe the total balance due reflected above. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. As a result, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will contact you. For further information regarding your balance or interest charges, write the undersigned or call 1.800.211.0432.

See the reverse side and/or additional page(s) for more information including information about e-mail communications.

1 of 3

840 S. Frontage Road • Woodridge, IL 60517 • P: 630.574.3113 • 800.211.0432 • F: 630.574.0110 • *www.alltran.com*
Office Hours: Mon-Thu 8:00am to 9:00pm, Fri 8:00am to 5:00pm, Sat 8:00am to 12:00pm Central Time

126281-336-94

Dept 19104
PO Box 1259
Oaks PA 19456

Alltran

Alltran Education, Inc.
840 S. Frontage Road, Woodridge, IL 60517
Office: (800) 377-1904 Fax: (630) 225-4261

Alltran Education Acct #: [redacted]
Principal: $5775.63
Interest: $216.59
Collection Cost: $4008.15
Fees & Other Non-Collection Charges: $20.00
Total Current Balance: $10020.37

Oct 9, 2017

AVROHOM LEVITT
[redacted]

Alltran Education, Inc.
PO Box 5008
Woodridge, IL 60517-0008

If you would like to make an on-line payment, please visit, *www.helpupay.com*

Amount Enclosed $ ____________

| Creditor | Amt Owed |
|---|---|
| YESHIVA UNIV | 7316.67 |
| YESHIVA UNIV | 2703.70 |

Amount Owed: $10020.37 Alltran Education Account #: [redacted]

Re/Original Creditor: YESHIVA UNIV

Dear Avrohom Levitt,

Your above referenced debt has been placed with our office for collections. Should you elect to resolve your account and avoid the additional time and inconvenience of collection procedures, you can do so as follows:

- Please call ANTHONY CAMPBELL at (800) 377-1904 X1123
  Office Hours are 8am to 9pm (CST) Monday - Thursday, 8am to 5pm (CST) Friday, 8am to 12pm (CST) Saturday.
- Mail check, money order, or cashier's check payable to Alltran Education, Inc. to our address shown above.
- Pay your account on-line at Alltran Education, Inc.'s self-pay site....www.helpupay.com

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within the thirty day period that the debt, or any portion thereof, is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days from receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

Thank you in advance for your anticipated cooperation.

Sincerely,

ANTHONY CAMPBELL
Toll Free: (800) 377-1904 X1123

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

As of the date of this letter, you owe the total balance due reflected above. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. As a result, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will contact you. For further information regarding your balance or interest charges, write the undersigned or call 1.800.211.0432.

See the reverse side and/or additional page(s) for more information including information about e-mail communications.

2 of 3

840 S. Frontage Road • Woodridge, IL 60517 • P: 630.574.3113 • 800.211.0432 • F: 630.574.0110 • *www.alltran.com*
Office Hours: Mon-Thu 8:00am to 9:00pm, Fri 8:00am to 5:00pm, Sat 8:00am to 12:00pm Central Time

126281-336-95

Because your security is our #1 priority, if you would like to pay by Credit Card/Debit Card please contact us at (800) 377-1904 or visit us at www.helpupay.com.

COMPLAINT DISCLOSURE: You have the right to submit a complaint to Alltran Education Inc. using one of the following options.

- Phone –( 800) 211-5312, during business hours Mon-Thu 8:00am – 9:00pm Central Time, Fri 8:00am – 5:00pm Central Time, Sat 8:00am – 12:00pm Central Time
- Fax – 630-225-4265
- USPS Mail – Alltran Education Inc., PO Box 5008 Woodridge, IL 60517-0008
- E-mail – QCCorrespondence@alltran.com or Website – http://alltran.com/ombudsman/

Dept 19104
PO Box 1259
Oaks PA 19456

Alltran

Alltran Education, Inc.
840 S. Frontage Road, Woodridge, IL 60517
Office: (800) 377-1904 Fax: (630) 225-4261

Alltran Education Acct #: [redacted]

Oct 9, 2017

AVROHOM LEVITT
[redacted]
[redacted]

Alltran Education, Inc.
PO Box 5008
Woodridge, IL 60517-0008

Please fold on this line to ensure that the remit address shows through the window envelope

**E-MAIL COMMUNICATIONS:** By supplying us with your information, you affirm the e-mail provided is correct and is not furnished or owned by your employer. You agree to update Alltran Education, Inc. with any changes to your e-mail address, and grant us with permission to contact you on an ongoing basis regarding Alltran Education, Inc. business communications, including notifications, supporting documentations, and inquiry responses, in reference to this specific debt.

To update your contact information or to request a paper copy of correspondence at no charge, contact Alltran Education, Inc. by phone at 800-211-0432 during business hours Mon-Thu 8:00am – 9:00pm Central Time, Fri 8:00am – 5:00pm Central Time, Sat 8:00am – 12:00pm Central Time. You can also contact us by written correspondence using USPS at PO Box 5008 Woodridge, IL 60517-0008.

You understand that you can revoke your permission for Alltran Education, Inc. to contact you by e-mail in connection with this specific debt at any time. To revoke permission, you should contact Alltran Education, Inc. by phone at 800-211-0432 during business hours Mon-Thu 8:00am – 9:00pm Central Time, Fri 8:00am – 5:00pm Central Time, Sat 8:00am – 12:00pm Central Time or by e-mail at emailoptout@alltran.com. If you choose to revoke consent, Alltran Education, Inc. will send required correspondence through USPS mail.

To receive communications by e-mail, please select the e-mail agreement checkbox and return by USPS mail at: Alltran Education, Inc., PO Box 5008, Woodridge IL 60517-0008, by Fax at (630) 574-0110
Or Send an e-mail to emailoptin@alltran.com

☐ I agree to receive communications by e-mail, select the e-mail agreement checkbox

_______________________ E-mail Address

_______________________ Date

_______________________ Printed Name

_______________________ Signature

3 of 3

840 S. Frontage Road • Woodridge, IL 60517 • P: 630.574.3113 • 800.211.0432 • F: 630.574.0110 • *www.alltran.com*
Office Hours: Mon-Thu 8:00am to 9:00pm, Fri 8:00am to 5:00pm, Sat 8:00am to 12:00pm Central Time

126281-336-96